DWYER v. BOHAN.

1. PARTNERSHIP—TRUSTS—RESULTING TRUSTS—TITLE TO REAL ESTATE PURCHASED WITH PARTNERSHIP FUNDS.

Want of knowledge of the surviving partner that the title to real estate, purchased by the partner, since deceased, with partnership funds, was taken in the name of their sister would prevent her from invoking, in support of her paper title, the statute against resulting trusts (3 Comp. Laws 1915, § 11571) and thus perpetrating a legal fraud upon the surviving partner.

2. SAME—PARTNERSHIP REALTY CONSIDERED AS PERSONALTY IN SETTLING BUSINESS.

Real estate purchased with partnership funds and intended for partnership purposes is considered in equity as personalty in the settling of the partnership affairs by the surviving partner.

3. SAME—SURVIVING PARTNER ENTITLED TO POSSESSION OF PROPERTY.

The surviving partner has a legal right to the possession of the partnership property pending the winding up of partnership affairs.

4. SAME—ACCOUNTING—ESTATES OF DECEDENTS.

This court, on appeal, being unable, upon the record, to determine the extent of the interest of the surviving partner in such real estate, or the interest, if any, of the estate of the deceased partner therein, the decree of the court below that all property in Wayne county now of record in the name of said sister be decreed to the surviving partner, is modified by ordering an accounting and that the relative rights of the estate and of the surviving partner be determined in accordance with such accounting.

Appeal from Wayne; Goff (John H.), J.   Submitted April 26, 1921.   (Docket No. 67.)   Decided June 6, 1921.

Bill by Dennis H. Dwyer, executor and trustee under the will of Francis P. Dwyer, deceased, and as survivor of the partnership of Dwyer & Dwyer, against Mary Bohan and others for a discovery of the property of the estate and partnership. Defendant Bohan filed a cross-bill for an accounting. From a decree for plaintiff, defendant Bohan appeals. Modified and affirmed.

*Rood & Visscher,* for plaintiff.

*Harry H. Wait,* for appellant.

*George E. Brand, amicus curiae.*

WIEST, J. For many years, and up to the time of his death, Francis P. Dwyer and his brother, Dennis H. Dwyer, were copartners in the law business with offices in the city of Detroit. Francis was the manager of the finances of the firm, and from time to time purchased real estate with partnership money for the firm but without consultation with Dennis, and made it a practice to take title in the name of Mary Bohan, a sister living in Chicago, doing so without her knowledge and without the knowledge of Dennis, and in some instances executing deeds, signing Mary Bohan's name thereto as her attorney in fact. The record discloses no power of attorney given by Mary Bohan to Francis, and her want of knowledge of conveyances taken in her name indicates that no power of attorney existed.

February 1, 1920, Francis died after a two-days' illness, leaving a will executed a few days before his death, in which he made certain bequests, and bequeathed to Dennis his law business with his interest in the firm of Dwyer & Dwyer, his law library and books of account, office furniture and all personal property connected with his law business. The will also provided:

"*Sixth*. I give and bequeath to my brother, Dennis H. Dwyer, out of the moneys I now have on deposit in my name in the Peoples State Bank of Detroit, Michigan, such portion as the books of account in my law office show to be due him as my copartner. The money on deposit in the Peoples State Bank is made up of funds belonging to me personally and funds due my brother, Dennis H. Dwyer, which I have not paid to him because of our failure to balance our accounts. I hereby authorize my brother, Dennis H. Dwyer, my executor hereinafter named, to review said books of account and determine what sum of money is due him from me, and I will and direct that his judgment in this regard shall be final."

It appears that Francis never disclosed to his brother the state of the firm finances. Dennis from time to time sought an accounting with his brother but the same was delayed and no accounting ever had.

The bill herein was filed by plaintiff as executor and trustee under the will of Francis P. Dwyer, deceased, and was amended so as to include as plaintiff Dennis H. Dwyer, as the surviving partner of the law firm of Dwyer & Dwyer, to discover and recover the property belonging to the estate and copartnership placed in the name of Mary Bohan without the knowledge of the surviving partner. All parties interested in the estate and the property in question are before the court. Defendant Mary Bohan made answer admitting that divers parcels of real estate and mortgages standing in her name in Wayne county were by virtue of grants and deeds from persons other than the deceased, and she claimed that such grants and deeds were made at the instance and request of the deceased who paid the consideration therefor, and averred the same to be exclusively her property, and by way of affirmative relief asked the court to decree discovery in her favor as against plaintiff and hold plaintiff to account for the rents and income received by him. The other defendants made formal answer and the

issues narrowed down between the plaintiff and Mary Bohan.

The record is voluminous and a reading of it fully convinces us that partnership moneys were invested by Francis in real estate and deeds thereto taken in the name of Mary Bohan without the knowledge or consent of Dennis and without the knowledge of Mary Bohan. It is clear from the evidence that Francis intended to have an accounting with his brother and in such accounting give Dennis his share of the real estate, but unfortunately such accounting was never had. We are fully persuaded by the evidence, disclosing the repeated declarations of purpose made by Francis to many of his attorney friends, that the deeds to real estate taken in the name of Mary Bohan were partnership matters, and that the confidence reposed in Francis by Dennis accounts for the fact that Dennis was unaware of such deeds until after the death of Francis. We are unable, upon this record, to determine the extent of the interest of the surviving partner in such real estate or the interest, if any, of the estate therein.

The real estate having been purchased by Francis with partnership funds and title thereto taken in the name of Mary Bohan, without the knowledge or consent of Dennis, would constitute a legal fraud upon Dennis if it be held that Mary Bohan has title beyond the reach of Dennis as surviving partner. The real estate purchased with partnership funds and intended for partnership purposes is considered in equity as personalty in the settling of the partnership affairs by the surviving partner. Dennis, as the surviving partner, has a legal right to the possession of the partnership property pending the winding up of partnership affairs.

"Where a surviving partner is also the executor or administrator of the deceased partner, he acts in a

dual capacity, representing both the partnership and the deceased partner's estate. His duties as surviving partner are practically the same as in any other case, to convert the assets of the firm into money and receive, hold and distribute the proceeds. And as such, it is his duty to ascertain and get together the deceased partner's share in the firm property and assets and turn this over to the deceased's separate estate." 2 Rowley, Modern Law of Partnership, § 633.

Francis considered the property in question partnership property and purchased the same for the partnership with partnership funds and his failure to inform Dennis that he was placing the partnership property in the name of their sister, and the want of knowledge on the part of Dennis that he was doing so prevents the sister from invoking, in support of her paper title, the statute against resulting trusts.

We find no authority preventing us from doing exact justice in this case. We agree with the circuit judge that all of such property in Wayne county, now of record in the name of Mary Bohan, be decreed to Dennis H. Dwyer, as surviving partner, subject, however, to the rights, if any, of the estate of Francis P. Dwyer therein, as the same may appear upon the accounting.

The decree of the court below is affirmed, subject, however, to the modification that an accounting be had in this case of the copartnership affairs and between the estate and the copartnership and the relative rights of the estate and of the surviving partner to the real estate be determined in accordance with such accountings.

STEERE, C. J., and FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred. MOORE, J., did not sit.